UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

Angela M. Wright,
and other similarly situated
individuals,

    Plaintiff(s),

v.

Naples Botanical Garden, Inc.

    Defendant,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Angela M. Wright and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant Naples Botanical Garden, Inc. and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Angela M. Wright is a resident of Naples, Collier County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Naples Botanical Garden, Inc. (from now on, Naples Botanical Garden, or Defendant) is a Florida Non-Profit Corporation registered to do business in Florida. Defendant has a place of business in Naples, Collier County, within this Honorable Court's Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. Defendant Naples Botanical Garden is the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Collier County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Angela M. Wright as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more

than forty (40) hours during one or more weeks on or after September 2020, (the "material time") without being adequately compensated.

7. Defendant Naples Botanical Garden is a 170-acre botanical garden located at 4820 Bayshore Dr., Naples, Fl 34112, where Plaintiff worked. Defendant is engaged in ordinary commercial activities for business purposes.

8. Defendant Naples Botanical Garden employed Plaintiff Angela M. Wright as a non-exempt, full-time, hourly employee from approximately September 01, 2020, to October 06, 2023, or more than three years. However, for FLSA purposes, Plaintiff's relevant employment period is 153 weeks.

9. Plaintiff's last wage rate was $24.75 an hour. Plaintiff's overtime rate should be $37.13.

10. During her employment with Defendant, Plaintiff was misclassified as a Building service manager. However, according to her primary duties, Plaintiff was a lead maintenance employee with additional responsibilities, such as supervising seven staff members.

11. Plaintiff's primary duties were non-exempt, manual, repetitive work maintaining the grounds of the botanical garden, including lawn care, repairs, electrical work, lighting, plumbing, cleaning, and all the maintenance work necessary to operate the facilities. These and other manual tasks constituted 95% of Plaintiff's work.

12. Plaintiff performed the same work as other maintenance employees. Plaintiff did not perform any work related to the management of the department, and her primary duties did not require independent judgment or discretion concerning matters of significance for the department. Plaintiff did not hire and fire, she did not prepare schedules, and she did not make decisions on her own. Plaintiff worked under the supervision of Associate Director of Operations Gavin Cook.

13. Consequently, Plaintiff did not meet the requirements for any overtime payment exemption, and she was entitled to be paid for every overtime hour worked. Consequently, Plaintiff was entitled to be paid for overtime hours.

14. While employed at Naples Botanical Garden, Plaintiff worked five days per week on a regular schedule. Plaintiff worked from Tuesday to Saturday, from 6:00 AM to 2:00 PM (8 hours daily). Sometimes, Plaintiff worked at the premises more than 40 hours, but she was paid for overtime at the correct rate.

15. However, after her regular shift in the garden, Plaintiff was given a cellphone, and from Tuesday to Saturday, she was on call out of the premises for six hours, or until 8:00 PM.

16. Every week, Plaintiff worked an average of two hours daily, or ten on-call hours, that were not paid at any rate, not even at the minimum wage as required by law.

17. Those ten on-call hours constitute ten unpaid overtime hours every week.

18. Plaintiff clocked in and out, and Defendant was in complete control of Plaintiff's schedule. Defendant could track the hours worked by Plaintiff and other similarly situated individuals and knew the number of hours that Plaintiff was working.

19. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

20. Plaintiff was paid with checks, with paystubs that did not reflect the number of hours worked.

21. Plaintiff disagreed with the lack of payment for overtime hours, and she complained many times to her supervisor, Gavin Cook. Plaintiff tried to complain to the Administration, but supervisor Gavin Cook Gavin denied access and prohibited her from contacting management.

22. On or about October 06, 2023, Plaintiff was forced to resign from her position because she was working many overtime hours without compensation and because she was suffering discrimination.

23. Plaintiff is in the process of filing her Charge of Discrimination with the U.S Equal Employment Opportunity (EEOC).

24. Plaintiff Angela M. Wright seeks to recover unpaid overtime payment for on-call hours worked during her relevant employment period, plus liquidated damages and any other relief as allowable by law.

25. Plaintiff Angela M. Wright does not have time and payment records, but she will provide a good-faith estimate about her unpaid overtime,

## Collective Action Allegations

26. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

27. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

28. This action is intended to include every maintenance, lawncare employee, and similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

29. Plaintiff Angela M. Wright re-adopts every factual allegation stated in paragraphs 1-28 above as if set out in full herein.

30. This action is brought by Plaintiff Angela M. Wright and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

31. Defendant Naples Botanical Garden was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a botanical garden open to the public and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from

non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

32. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated regularly handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

33. Defendant Naples Botanical Garden employed Plaintiff Angela M. Wright as a non-exempt, full-time, hourly employee from approximately September 01, 2020, to October 06, 2023, or more than three years. However, for FLSA purposes, Plaintiff's relevant employment period is 153 weeks.

34. Plaintiff's last wage rate was $24.75 an hour. Plaintiff's overtime rate should be $37.13.

35. During her employment with Defendant, Plaintiff was misclassified as a Building service manager. However, Plaintiff performed the same work as other maintenance employees. Plaintiff worked under the supervision of Associate Director of Operations Gavin Cook.

36. Consequently, Plaintiff did not meet the requirements for any overtime payment exemption, and she was entitled to be paid for every overtime hour worked.

37. While employed at Naples Botanical Garden, Plaintiff had a regular schedule. Plaintiff worked from Tuesday to Saturday, from 6:00 AM to 2:00 PM (8 hours daily). Sometimes, Plaintiff worked at the premises more than 40 hours, but she was paid for overtime at the correct rate.

38. However, after her regular shift in the garden, Plaintiff was given cellphone, and from Tuesday to Saturday, she was on-call out of the premises for six hours, or until 8:00 PM.

39. Every week, Plaintiff worked an average of ten on-call hours that were not paid at any rate, not even at the minimum wage as required by law.

40. These ten on-call hours constitute ten unpaid overtime hours.

41. Plaintiff clocked in and out, and Defendant was in complete control of Plaintiff's schedule. Defendant could track the hours worked by Plaintiff and other similarly situated individuals and knew the number of hours that Plaintiff was working.

42. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in

excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

43. Plaintiff was paid with checks, with paystubs that did not reflect the number of hours worked.

44. On or about October 06, 2023, Plaintiff was forced to resign due to the lack of payment for all her overtime hours.

45. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

46. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

47. Plaintiff does not have time and payment records, but she will provide a reasonable good-faith estimate based on her recollections and knowledge. After discovery, Plaintiff will amend her statement of claim.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Fifty-Six Thousand Eight Hundred Eight Dollars and 90/100 ($56,808.90)

   b. <u>Calculation of such wages</u>:

   Total period of employment:  161 weeks

>Relevant weeks of employment: 153 weeks
>Total unpaid O/T hours: 10 O/T on-call hours
>Regular rate: $24.75 x 1.5=$37.13 O/T rate
>O/T rate: $37.13
>
>$37.13 x 10 O/T on-call hours=371.30 wkly x 153 weeks=$56,808.90

   c. <u>Nature of wages (e.g., overtime or straight time):</u>

   This amount represents unpaid overtime wages[1].

48. At all times, material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty (40) per workweek as provided in said Act.

49. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

50. Defendant Naples Botanical Garden willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

51. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Angela M. Wright and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Angela M. Wright and other similarly situated individuals and against Defendant Naples Botanical Garden based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Angela M. Right actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and available under Federal Law.

### Demand for a Jury Trial

Plaintiff Angela M. Wright demands a trial by a jury of all issues triable as a right by a jury.

Dated: October 31, 2023

        Respectfully submitted,

        By: **/s/ Zandro E. Palma**
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone:   (305) 446-1500
        Facsimile:   (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*